UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ANTAUREAN JONES, | ) | CASE NO. 4:15cv340 |
| | ) | |
| PETITIONER, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | MEMORANDUM OPINION |
| | ) | |
| R. HANSON, | ) | |
| RESPONDENT. | ) | |

*Pro se* petitioner Antaurean Jones is an inmate incarcerated at the Federal Correctional Institution in Elkton, Ohio. He filed this habeas action pursuant to 28 U.S.C. § 2241 and has paid the filing fee. For the reasons stated below, his petition is DENIED and this action is DISMISSED.

"A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. "Under the provision, the District Court has a duty to screen out a habeas corpus petition which should be dismissed for lack of merit on its face." *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970). "No return is necessary when the petition is frivolous, or obviously lacking in merit, or where . . . the necessary facts can be determined from the petition itself without need for consideration of a return." *Id.* (citation omitted).

It is evident from the face of the petition that petitioner is not entitled to relief

under 28 U.S.C. § 2241. Petitioner challenges an enhanced sentence imposed upon him by the United States District Court for the Eastern District of Michigan in connection with a 2008 conviction in that court, pursuant to a guilty plea, of distributing cocaine base in violation of 21 U.S.C. § 841. Petitioner contends his enhanced sentence was improper because a state drug crime appearing in his criminal history at the time of his guilty plea was "unripe" and was subsequently dismissed without prejudice. Petitioner unsuccessfully attempted to challenge his enhanced sentence on this basis under 28 U.S.C. § 2255.

Section 2255 is the primary avenue for relief for a federal prisoner challenging the legality of his conviction or sentence, while § 2241 "is appropriate for claims challenging the execution or manner in which the sentence is served." *United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001). Section 2255 contains a very limited "savings clause" allowing a prisoner to challenge the legality of his conviction or sentence under § 2241 only when the remedy afforded under § 2255 is "inadequate or ineffective to test the legality of his detention." *In re Hanserd*, 123 F.3d 922, 929 (6th Cir. 1997) (further quotation marks and citation omitted). The remedy afforded under § 2255 is not inadequate or ineffective, however, merely because relief under § 2255 has been denied, the petitioner is procedurally barred from pursuing § 2255 relief, or the petitioner has been denied permission to file a second or successive § 2255 motion. *Barnes v. United States*, 102 F. App'x 441, 443 (6th Cir. 2004) (citations omitted). To date, the only circumstance in which the Sixth Circuit has determined § 2255 to be an inadequate or ineffective remedy is where the petitioners were "effectively making a claim of 'actual innocence'" in the context of the "common factual scenario" where they were convicted of "using" a firearm during a drug or violent crime and found themselves innocent of that crime when the Supreme Court subsequently defined "use" in a restrictive manner in *Bailey v. United States*, 516 U.S. 137, 116

S. Ct. 501, 133 L. Ed. 2d 472 (1995). *See Peterman*, 249 F.3d at 461-62. Thus, in the Sixth Circuit, a petitioner may pursue a claim of actual innocence under § 2241 only when that claim is "based upon a new rule of law made retroactive by a Supreme Court case[.]" *Townsend v. Davis*, 83 F. App'x 728, 729 (6th Cir. 2003) (citation omitted).

Petitioner does not allege a claim of actual innocence resting on a retroactively-applicable Supreme Court decision. Accordingly, his challenge to his enhanced sentence based on an alleged "unripe" state conviction is not cognizable in a § 2241 petition. *See Jones v. Castillo*, 489 F. App'x 864, 866 (6th Cir. 2012) ("Claims alleging 'actual innocence' of a sentencing enhancement cannot be raised under § 2241.") (citation omitted).

Accordingly, the pending petition is DENIED and this case is DISMISSED pursuant to 28 U.S.C. § 2243. The Court CERTIFIES, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED**.

Dated: July 9, 2015

                                    **HONORABLE SARA LIOI**
                                    **UNITED STATES DISTRICT JUDGE**